John D. Bennett, S.
In this accounting proceeding the court is requested to determine whether a sum of money held by the executor under an escrow agreement is properly an estate asset.
The escrow funds represent the amount of mortgage liens formerly held by the decedent on real property owned by his wife, which liens were satisfied of record by the executor at the request of the widow in consideration of her posting the funds held in escrow, pending a determination of the validity of the mortgages. The widow claims that the mortgages were paid since her husband, during his life and for a period of 20 years, collected the rentals from the mortgaged premises, never accounting for such rentals to her. She also claims that such debts are barred by the Statute of Limitations.
The executor admits its investigation reveals that the parcels of real property were managed by the decedent from the time of the conveyance to his wife (in 1931 as to one parcel and in 1934 as to the second parcel) up to his death in 1956. The executor also admits that it has no records which would show any payments of interest or principal on the mortgages within the last six years, the applicable Statute of Limitations (Civ. Prac. Act, § 47-a). The three mortgages in question were due *475 and payable more than six years ago, and, if no facts can be shown which would toll the statute, are outlawed.
In Portnoy v. McFarland (130 N. Y. S. 2d 448), in an action to cancel a mortgage because of nonpayment of principal or interest for more than six years, the court held that the mortgagee had the burden of showing facts which would avoid the impact of the statute. Since the executor admits having no facts which would toll the statute, it would be of no avail to direct a hearing of the widow’s claim to be fund. Accordingly the escrow fund is held not to be an asset of the estate and the executor is directed to turn such fund over to the widow.
Permission is granted to abandon as worthless the personal property set forth in the second portion of Schedule K.
The account, including the allocation of estate taxes, is approved as filed.